**CHICAGO, R. I. & P. R. CO. v. MAYFIELD.**

No. 6452—Opinion Filed Jan. 9, 1917.

(162 Pac. 486.)

(Syllabus by the Court.)

**Master and Servant—Injuries to Servant—Evidence—Instruction.**

Record examined, and held: (1) That the evidence adduced at the trial was sufficient to take the case to the jury upon the question of the negligence of the defendant; (2) that the instructions given as a whole define with substantial accuracy the law applicable to every issue of fact joined by the pleadings.

Error from District Court. Pottawatomie County; Chas. B. Wilson. Jr.. Judge.

Action by W. H. Mayfield against the Chicago. Rock Island & Pacific Railway Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

R. J. Roberts, C. O. Blake, W. H. Moore, J. G. Gamble, K. W. Shartel, and Edward Howell. for plaintiff in error.

Chas. E. Wells and W. N. Maben, for defendant in error.

KANE, J. This was an action for damages for personal injury, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Hereafter the defendant in error will be designated as "plaintiff," and plaintiff in error as "defendant," as they appeared in the court below.

It seems that the plaintiff was in the employ of the defendant as a section hand, and at the time of his injury was engaged in unloading crushed rock or gravel from a coal car, under the directions of a foreman or section boss. The car in use was provided with a trapdoor in the floor to expedite unloading, through which, upon being sprung, most of the contents of a loaded car would drop. This trapdoor had been sprung in the car in question herein, but some of the gravel had remained lodged on the stationary portion of the door, contiguous to the ends and sides of the car. It was alleged in effect that the plaintiff, in pursuance of an order of the foreman, was engaged in shoveling the gravel so lodged through the trapdoor, and, while he was astride the side or end of the car and thus engaged, the engineman of the engine used for the purpose of moving the gravel cars wrongfully, carelessly, and negligently backed said engine on and against said car: the plaintiff thereby being knocked to the ground by said contact and jar. It was also alleged that the engineer and conductor of the engine of said train negligently failed to give a proper signal to the plaintiff, and that the conductor negligently gave the engineer a signal to move said engine without warning or signal to the plaintiff, and that said servants of said defendant caused said engine to be backed into, on, and against the car on which the plaintiff had climbed in the discharge of his duties, and the defendant, its agents, and servants aforesaid, failed to warn the plaintiff of the danger attending the climbing into said car when the engine was backing down the track, with a view of bumping said car on which the plaintiff had climbed, and the plaintiff did not know, and was not told by any of the defendant's agents, servants, or employes, that the defendant's engine would be permitted to bump the car as aforesaid; that the plaintiff, without negligence on his part, during any of the time the accident occurred, was compelled to jump, and did jump, from the defendant's car an instant before the said engine bumped into the defendant's car, and in so jumping to the ground was injured, etc. The answer of the defendant, after denying each and every allegation contained in the petition, except such as were thereinafter expressly admitted. set up contributory negligence and

assumption of risk as defenses. The reply of the plaintiff was a general denial. Upon the issues thus joined, there was a trial to a jury, which returned a verdict in favor of the plaintiff, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

Counsel for defendant present their grounds for reversal in their brief under two headings, as follows: (1) Motion for instructed verdict should have been sustained; no negligence proved. (2) Erroneous instructions; last clear chance doctrine does not apply.

Upon the first ground for reversal, all that can be profitably said is that we have examined the record carefully and are satisfied that there was sufficient evidence adduced at the trial to take the case to the jury on the question of the negligence of the defendant. Having reached this conclusion, it follows, of course, that the verdict of the jury forecloses any further inquiry as to the merits of the case upon the facts.

The instruction complained of is instruction No. 10, which reads as follows:

"If you find from a preponderance of the evidence in this case that while the plaintiff was in the employment of the defendant company and on or about March 17, 1913, he was engaged in helping to empty a car of shale, and while so doing, and while observing due caution for his own safety, was sitting on the side of said car, and that the defendant's foreman in charge of the work at that place knew of the perilous position of plaintiff and told the plaintiff to, 'Look out, the engine is about to bump,' or words to that effect, and if you further find that said engine was in fact moving toward said car and was about to strike the same, and that the plaintiff was in such a position on said car that he could not see said engine by the exercise of ordinary diligence and care on his part, and did not see the same, and if you further believe from a preponderance of the evidence that the conductor or engineer having charge of said engine did not give plaintiff timely notice or warning of the approach of said engine, and that the plaintiff, by reason of the warning given him by his foreman, reasonably apprehended imminent danger to himself if he remained on said car, and that acting upon the warning from the foreman he jumped from said car and was injured, and that in jumping from said car he acted as a prudent and cautious person would have acted under like circumstances, or if you find from a preponderance of the evidence that said engine was not in fact moving toward said car, and that plaintiff was not in imminent danger by reason of his position, but that he was in such a position in the performance of his duties that he could not and did not see the engine, and

that said foreman carelessly and negligently, and without reasonable cause, said, 'Look out, the engine is about to bump,' or words to that effect, and that relying on such statement of his foreman, and believing from such statement that he was in imminent danger if he remained where he was at the time, even though he might not in fact have been in actual danger, and if you further believe from a preponderance of the evidence that in jumping at the time he did jump he acted as a reasonably cautious and prudent person would have done under similar circumstances, your verdict should be for the plaintiff, and you should fix the amount of his recovery.

"On the other hand, if you fail to find from a preponderance of the evidence that either of the plaintiff's contentions are true, or if you find that in jumping or climbing and jumping down from the car he was himself guilty of some act of negligence on his part which was the proximate cause of his injuries, or if you believe that plaintiff's injuries were proximately caused by some unforeseen accident which was one of the hazards or risks naturally incident to the kind of work in which he was engaged and which could not, by the exercise of reasonable caution or care on the part of the defendant company or any of its agents, servants, or employes, have been foreseen and guarded against, your verdict should be for the defendant."

It is not entirely clear to the court the precise objection counsel have to this instruction. They say in their brief, "Last clear chance doctrine does not apply." The instruction given does not convey any impression to our minds that the trial court was of the opinion that it did. There was evidence to the effect that, whilst plaintiff was astride the end of the car, the foreman saw the engine backing toward it, for the evident purpose of bumping into it, and called to the plaintiff to: "Look out! The engine is going to bump." As to what happened from that point on plaintiff testified as follows:

"Q. And just explain as near as you can— withdraw that. When you were up on the side of this car there, did you receive any signal or notice from any one as to what you should do, your foreman? A. When the engine was fixing to hit it, he said to me, 'Look out, Mayfield, they are going to bump the car,' and I didn't have time to get out, and just as I started to leave the car the engine struck it. Q. Now, what effect did the jar of the cars have on you? A. Why, it knocked me off. Q. Did you know that the engine had been placed in motion? A. No, sir. Q. Had you received any signal the engine had been placed in motion? A. No, sir; I never heard a thing. Q. Where was your back with reference to the engine? A. My back was towards the engine, facing east. Q. Facing east? A. Yes, sir. Q. And you say the engine was coming from the west? A. Yes, sir. Q.

Now, from the time your foreman gave you, hollowed out to you, 'Look out, Mayfield, it is going to bump,' how much time was it from that time to the time the engine hit the car? A. * * * It hit the car just as he hollered to me, just as I left the car."

There was some contention on the part of counsel for defendant that, inasmuch as other coemployes of the plaintiff remained in the car and were unhurt, the plaintiff was in a place of safety and would not have been injured if he had remained there. Obviously, it was the purpose of the trial court to apply to this theory of the case the doctrine that where one receives his injuries while attempting to escape from a situation not really dangerous, but then appearing to him to be so, he may in certain circumstances, recover. In our judgment, no essential element of this doctrine has been omitted from the instruction given. One of the criticisms of the instruction is that the court assumed that the plaintiff was in a perilous position. Perhaps some of the language used by the court, if disconnected from the other parts of the instruction, might justify this criticism. But the doctrine is stated correctly in another part of the instruction to the effect that, if the plaintiff believed from the circumstances that he was in imminent danger if he remained where he was at the time, even though he might not in fact have been in danger, he would be entitled to recover, if the jury further found from a preponderance of the evidence that in jumping at the time he did jump he acted as a reasonably careful and prudent person would have done under the circumstances. On the whole, we are satisfied that the instructions given define with substantial accuracy the law applicable to every issue of fact joined by the pleadings and the evidence which was presented to the jury for determination. There is no complaint as to the size of the verdict, and there is nothing otherwise in the record which indicates that any action of the trial court in giving or refusing instructions resulted in a miscarriage of justice.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.